[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision RE: Motion for Disclosure
The Petitioner, the Department of Children and Families, hereafter "DCF,"[1] has moved for an Order permitting disclosure of limited portions of the records of the respondents, parents of the above named children. DCF seeks to obtain the records contained in the files of the following three agencies:
1. Catholic Family Services
2. Office of Adult Probation
3. Department of Corrections
On March 14, 2001, the Court (Frazzini, J) granted DCF's motion for an ex-parte order to subpoena and surrender the confidential records in the possession of the said organizations.
In compliance with this order, the records have been provided to the court and are being held by the clerk's office under seal until such time as the motion to disclose is determined.
On April 6, 2001, the court held a hearing on the motion. In support of its motion, the petitioner presented evidence in the form of testimony from the social worker currently assigned to this case, Kathy Dayner. Ms. Dayner testified that although the respondent parents were asked to provide releases authorizing DCF to inspect the records, the parents have failed to do so.
The respondent mother, Monika S. objected to the disclosure of the records in the file of Catholic Family Services claiming that the records are privileged pursuant to Connecticut General Statutes § 52-143, et seq. and that such disclosure would undermine the patient psychologist relationship.
The respondent father, Bernard S., the father of Takwon, objected to CT Page 5085 the release of records alleging that the information contained in the files of the Department of Correction and/or the Department of Probation would not assist the court in determining the issues presented in this case. In addition, counsel for Mr. S. objected to the use of "Romance motions [by the State] to . . . go on a fishing expedition seeking evidence that it has no understanding of."
The respondent father, Robert H., appeared at the hearing and through counsel informed the court that he had previously executed a release of information and that he had no objection to disclosure of any records sought by DCF at this time. He executed another release during the course of the hearing.
The court file reflects that on May 15, 1998, the date that an order of temporary custody was issued, the court (Ward, J) entered specific steps for the parents to take to facilitate the reunification of the children with their respective parents. One of the steps was to "sign releases authorizing DCF to communicate with service providers to monitor attendance, cooperation and progress." Furthermore, on July 22, 1998, the date that the children were adjudicated as neglected children, the court entered expectations, which the parents and their counsel signed, ordering among other things, that the incarcerated parent was "not to receive any disciplinary tickets while incarcerated."
As a preliminary matter, the court finds that on their face, the records contained in the files of the Department of Correction and/or the Department of Adult Probation are not privileged communications within the meaning of Connecticut General Statutes § 52-146 et seq., §17a-688, nor 42 U.S.C. § 290-dd et seq. It is inappropriate for DCF to seek the release of probation or corrections records pursuant to the authority of these sections of our statutes or under the authority of Inre Romance M., 30 Conn. App. 839 (1993) or In re Marvin M.,48 Conn. App. 563 (1998). These statutes and cases refer to the confidential records contained in drug and alcohol treatment programs and/or mental health treatment programs, not probation and/or corrections records. However, given that DCF has requested disclosure of these records and the respondent objects on the grounds that the records are not subject to disclosure without a court order, the court grants the state's motion for disclosure for the reasons stated below.
The Rules of Procedure in Juvenile Matters Practice Book § 35-3(a) states that:
 "Pretrial discovery by interrogatory, production, inspection or deposition may be allowed with the permission of the judicial authority only if the CT Page 5086 information or material sought is not otherwise obtainable and upon a finding that proceedings will not be unduly delayed."
It is a generally understood principal that a party may obtain discovery of information that is material to the subject matter involved in the pending action, provided that the information is not privileged. See Connecticut Practice Book § 13-2. The respondent argues that "if they [the state] have no idea what's there, then they shouldn't be just allowed to find out." The respondent, however, does not point the court to any authority to support his position. If the respondent is claiming that the records are privileged, and therefore exempt from the broad scope of discovery, he has also failed to identify the authority for that position.
In view of the fact, that the respondent father has not signed a release nor given his permission to obtain his correction or probation file, the court finds that the information is not otherwise obtainable. This matter is scheduled for trial on May 7-8, 2001. The granting of this motion will not unduly delay the proceedings. Furthermore, the respondent father had a limited expectation of privacy in these records as evidenced by the fact that he signed court expectations on July 22, 1998, that included an order that he not receive any disciplinary tickets while incarcerated. Certainly, it is reasonable to believe that in order to confirm whether or not this expectation had been met, the court would need to review the prison records. Accordingly, it is ordered that the limited portions of the father's records, as requested by DCF and specified in its motion, be disclosed.
In reference to the mother's objection to the release of records contained in the files of Catholic Family Services, the court makes the following findings:
 1. The public interest, the interest of justice and the need for disclosure in these proceedings, outweigh any potential injury to the patient-psychologist, mental health worker and for social worker relationship.
2. The information sought is not otherwise obtainable.
 3. The respondent mother has introduced her mental health condition as an element of her defense and it is more important to the interests of justice that the information be disclosed than that the relationship between the respondent and the mental CT Page 5087 health worker and/or psychologist be protected.
 4. The respondent mother has a limited expectation of privacy in these records in that the court had previously approved and the mother had signed expectations that included orders to obtain treatment and sign releases to DCF.
It is hereby ordered that the limited portions of the records of Catholic Family Services, as requested by DCF and specified in its motion, be disclosed.
The court finds persuasive and directs counsel in future proceedings involving the release of records, to observe the procedure outlined by the court (Frazzini, J) in In Re: William B., see attached copy.
SO ORDERED,
Carmen L. Lopez, Judge
Child Protection Session